UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANESSA ANN JONES,                              Case No. 23-10158

     Plaintiff,                              Hon. F. Kay Behm
v.                                              United States District Judge

U.S. POSTAL SERVICE, *et al.*,                  Hon. David R. Grand
                                                U.S. Magistrate Judge
     Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING
THE MAGISTRATE JUDGE'S NOVEMBER 26, 2024,
REPORT AND RECOMMENDATION (ECF No. 70) IN PART,
SUSTAINING THE USPS DEFENDANTS' OBJECTIONS (ECF
No. 72) IN PART, HOLDING USPS DEFENDANTS' MOTION IN
ABEYANCE, AND ORDER GRANTING PLAINTIFF
<u>PERMISSION TO FILE AMENDED COMPLAINT BY JAN. 21,
2025</u>**

## I.    INTRODUCTION

Plaintiff Vanessa Ann Jones ("Jones"), a veteran employee of the

United States Postal Service ("USPS") for nearly 30 years, was

terminated from her position as a senior sales and service clerk for,

allegedly, improperly processing a money order in the amount of

$155.35. (ECF No. 1).  Jones claims that she never cashed or stole the

money order in question, that certain USPS employees (with USPS, the

"USPS Defendants") falsely accused her of the alleged offense, that the

1

USPS failed to follow protocol in conducting a thorough and proper investigation, and that the USPS ultimately terminated her employment without providing her with any legal documentation of her discharge.  In a very brief and unsubstantial allegation, she also alleged that the USPS engaged in all of this conduct because it wanted her "out" due to her age.  ECF No. 1, PageID.6.  Following her termination, Jones pursued a grievance through an internal arbitration procedure, at which she was represented by members of her Union.  She then sued members of the American Postal Workers Union, Detroit District Area Local 295 (the "APWU Defendants"), for allegedly failing to ensure a fair process during the arbitration proceedings concerning her termination, and the USPS Defendants for the events surrounding her termination, which the Magistrate Judge and this court construed as attempting to allege a defamation claim or an employment discrimination claim.  *See* ECF No. 48, PageID.259-60.

Currently before the court is Magistrate Judge Grand's November 26, 2024, Report and Recommendation (ECF No. 70) regarding motions to dismiss by both remaining sets of defendants (ECF Nos. 50, 60), and the USPS Defendants' objections to that report and recommendation

(ECF No. 72).  For the reasons set out below, the court **ACCEPTS** and **ADOPTS** the Report and Recommendation as to the APWU Defendants because no parties objected and thus **GRANTS** their Motion to Dismiss. The court **SUSTAINS** the USPS Defendants' objection to the Report and Recommendation as it applies to them, and thus **ADOPTS** in part and **REJECTS** in part that portion of the Report and Recommendation, and holds the USPS Defendants' motion in abeyance pending plaintiff's response to this order.  As a result, all of Jones' claims are dismissed except for her remaining potential employment discrimination claim on the basis of age, for which this court will grant one final opportunity to replead under the terms of this order.

## II.    PROCEDURAL HISTORY & FACTUAL BACKGROUND

The court repeats the procedural history of this case as the Magistrate Judge described it.  *See* ECF No. 70, PageID.412.  After the arbitrator affirmed the USPS' termination decision, Jones commenced this action *pro se* pursuant to 42 U.S.C. § 1983 against several groups of defendants: (1) the USPS and its employees Ronnie Blackshear (Acting Manager), Mariyam Kareem (Supervisor), Ronald Morris (Postmaster), and Chynita Evans (collectively, the "USPS Defendants"); and (2)

American Postal Workers Union ("APWU") representatives Keith Combs and Tony Friday (collectively, the "APWU Defendants").[1]  The USPS Defendants previously filed a Motion to Dismiss Jones' claims against them.  ECF No. 24.  The Magistrate Judge recommended, and this court agreed, that to the extent Jones had pleaded any claims at all against the USPS, all but Jones' potential employment discrimination claim should be dismissed as a matter of law.  ECF No. 48, PageID.262; ECF No. 49 (dismissing all but one of plaintiffs' claims against the USPS Defendants).

Since that order, the only remaining claims in this case are Jones' claims for prospective injunctive relief against the USPS Defendants in their official capacities[2] for allegedly terminating her employment

---

[1] In her complaint, Jones also named as a defendant arbitrator Betty Widgeon, who conducted the arbitration hearing and affirmed the USPS' termination decision. On July 18, 2024, all claims against arbitrator Widgeon were dismissed on the basis of arbitral immunity. (ECF No. 49; *see* ECF No. 48).

[2] In their initial motion to dismiss, the USPS Defendants argued that: (1) "[b]ecause Jones does not specify whether the Postal Service Defendants are being sued in their official or individual capacities, it must be assumed that they are sued only in their official capacities"; (2) "[t]he official-capacity claims against the Postal Service Defendants are properly construed as a claim against the federal entity employing them: the Postal Service"; and (3) "Jones' claims against the Postal Service are barred by sovereign immunity" because "'[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" (ECF No. 24, PageID.163-64) (citations omitted).  The Magistrate Judge addressed this

4

based on her age, and her claims against the APWU Defendants for allegedly failing to ensure a fair process during the arbitration proceedings concerning her termination. (*See* ECF No. 49; ECF No. 1).

However, the continued survival of Jones' employment discrimination claim was a conditional one. The Magistrate Judge found, and this court agreed, that Jones' initial complaint failed to plead an employment discrimination claim against the USPS on the basis of age.[3] *See* ECF No. 48, PageID.260.

---

argument in a prior Report and Recommendation, explaining that "while the USPS Defendants are generally correct that Jones' claims are barred by the doctrine of sovereign immunity, an exception to the doctrine is where" the plaintiff seeks "prospective injunctive relief to end a continuing violation of federal law," and that "the Sixth Circuit has generally held that 'claims for reinstatement are prospective in nature and appropriate subjects for *Ex parte Young* actions.'" (ECF No. 48, PageID.258-59). Thus, the Magistrate Judge explained, "the doctrine of sovereign immunity would not apply to Jones' request for prospective injunctive relief in which she seeks reinstatement of her job." (*Id.*, PageID.259) (citing ECF No. 1, PageID.8) (stating "Give me my job back" under the "Relief" section of her complaint). The court notes that Jones' recent filings continue to reflect that she is suing the USPS Defendants in their official capacities. (ECF No. 56, PageID.345 ("I am not suing [any]one in an individual capacity beside Betty Widgeon. U.S.P.S. were responsible for Ronnie Blackshear, Mariyam Karee, Chynita Evans, Ronald Morris . . . actions[] [f]or allowing them to wrongfully use their power. . . . U.S.P.S. is responsible for Chynita Evans, Ronald Morris, Ronnie Blackshear and Mariyam Kareem."); (ECF No. 59 ("U.S. Postal Service is responsible for all actions employee's [sic] and supervisor's [sic] render.")).

[3] The court has assumed that her claim essentially arises under the Age Discrimination in Employment Act (ADEA).

On July 18, 2024, this court adopted the Magistrate Judge's recommendation and gave Jones an opportunity to file an amended complaint to adequately plead an age discrimination claim within 30 days. (ECF No. 49).  On July 22, 2024, the APWU Defendants filed a motion to dismiss (ECF No. 50), and on August 27, 2024, the USPS Defendants filed a renewed motion to dismiss (ECF No. 60).  Jones, meanwhile, filed a slew of short additional filings responding to both motions to dismiss, somewhat haphazardly appearing to provide additional factual allegations, and challenging the fact that Arbitrator Widgeon had been dismissed from the case.  *See* ECF Nos. 53, 54, 55, 56, 57, 58, 59, 64, 65, 66, 68.  The APWU Defendants and USPS Defendants filed reply briefs in support of their respective motions to dismiss. (ECF Nos. 62, 67).

Magistrate Judge Grand issued a Report and Recommendation on November 26, 2024 on these two motions to dismiss (ECF No. 70)  The Magistrate Judge recommends that this court grant the **GRANT** the APWU Defendants' Motion to Dismiss (ECF No. 50) and **DENY** the USPS Defendants' Motion to Dismiss (ECF No. 60).  The USPS Defendants have filed objections to the Report and Recommendation as

to their motion to dismiss (ECF No. 72).  Neither party to the APWU

Motion to Dismiss has filed objections.  The court is fully advised in the

premises and has reviewed the record and the pleadings.

## III.   STANDARD OF REVIEW

A party may object to a magistrate judge's report and

recommendation on dispositive motions, and a district judge must

resolve proper objections under a de novo standard of review.  28 U.S.C.

§ 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept,

reject or modify, in whole or in part, the findings or recommendations

made by the magistrate judge."  *Id.*  "For an objection to be proper,

Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to

'specify the part of the order, proposed findings, recommendations, or

report to which [the party] objects' and to 'state the basis for the

objection.'"  *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339,

346 (6th Cir. 2018).  Objections that dispute the general correctness of

the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d

373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can

"discern those issues that are dispositive and contentious."  *Id.* (citing

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.  And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").  However, "the failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter." *Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

## IV.   ANALYSIS

Because the filing of objections (or failure to file objections) changes the level of review by this court, and in this case, objections were filed only in response to one of the relevant motions, the court addresses the two sets of moving Defendants separately.

## A.    APWU Defendants

Magistrate Judge Grand recommended that this court grant the APWU Defendants' Motion to Dismiss and dismiss Jones' claims related to them.  ECF No. 70, PageID.423-26.  Neither Jones nor the APWU Defendants have filed objections to the Magistrate Judge's report and recommendation on the APWU Defendants' Motion to Dismiss, which were due within 14 days of service of the recommended disposition (here, the Report and Recommendation was mailed to Jones' listed address on November 26, 2024).  Fed. R. Civ. P. 72(b)(2); Local Rule 72.1(d); *see* Docket entry following ECF No. 70.[4]  Because neither party objected, this court need not independently review the matter.  *See Hall*

---

[4] As of the date of this order, no objections have been received from Jones. Consistent with the terms of this order and pursuant to continued warnings to Jones about deadlines in this case (*see,* for example, ECF No. 52), including the report and recommendation itself (ECF No. 70, PageID.427), the court will not consider any late-filed objections received after entry of this order.  The court may consider a properly filed and timely motion for reconsideration under Rule 59(e), within 28 days of entry of this order.  *See* Fed. R. Civ. P. 59.

*v. Rawal*, 2012 WL 3639070; *Arn*, 474 U.S. at 149.  The court nevertheless agrees with the Magistrate Judge's recommended disposition of Jones' claims against the APWU Defendants.  Liberally construed, Jones appears to have raised a claim that the APWU Defendants breached their duty of fair representation to her by not properly defending her at the arbitration.  But as the Magistrate Judge found, her allegations in this regard are conclusory in nature and are belied by the arbitration decision itself, which documents that: (1) when the USPS issued Jones a notice of removal, the APWU grieved that notice on her behalf; (2) when the parties were unable to resolve the grievance, the APWU appealed the grievance to arbitration; (3) Tony Friday appeared on Jones' behalf at the arbitration hearing, where the arbitrator deemed him a "[c]ompetent advocate[]"; and (4) Friday gave an opening statement, examined and crossexamined witnesses, and submitted exhibits and closing briefs, and thus fully represented her at the hearing.  ECF No. 70, PageID.425 (citing ECF No. 16-2, PageID.93-94); *id.* at PageID.425-26.

Then, court therefore **ACCEPTS** and **ADOPTS** the Magistrate Judge's report and recommendation as to the APWU Defendants and

**GRANTS** their Motion to Dismiss (ECF No. 50) for failure to state a claim.

### B.    USPS Defendants

The USPS Defendants bring three objections in response to the Magistrate Judge's report and recommendation.  First, they assert the Magistrate Judge erred by considering the content of many separate documents filed over the course of months to conclude that Jones stated a viable age discrimination claim.  *See* ECF No. 72, PageID.437. Second, the Magistrate Judge erred by denying the USPS Defendants the opportunity to file a motion to dismiss directed at the October 9 filing.  *Id.* at PageID.440.  Third, the Magistrate Judge erred by construing and accepting the October 9 filing as an amended complaint despite its lateness.  *Id.* at PageID.441.  All state proper objections, and the court reviews the relevant portions of the report and recommendation de novo.  The court agrees with the third objection, finds that determination to be dispositive, and on that basis does not fully consider either of the first two objections.

Both the Magistrate Judge and this court have previously found Jones' allegations regarding the USPS Defendants insufficient under

Fed. R. Civ. P. 8.  *See* ECF No. 48, PageID.260-62; ECF No. 49,

PageID.265.  In full, Jones had alleged the following: "[APWU]

President Keith Combs said, they want you out because of your age."

ECF No. 1, PageID.6.  Such a vague reference to a single statement

made by one of her union representatives, particularly without any

additional context, falls well short of alleging a valid employment

discrimination against the USPS Defendants.  ECF No. 48, PageID.261

(citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523,

527 (6th Cir. 2007) (stating that a complaint's allegations "must do

more than create speculation or suspicion of a legally cognizable cause

of action; they must show entitlement to relief.")).  This court thus

adopted the Magistrate Judge's finding that in her original complaint,

"Jones fail[ed] to plead sufficient facts to state a wrongful termination

claim based on her membership in a protected class," and that, as to her

claim for injunctive relief based on age discrimination, her complaint

"violates Rule 8."  *See* ECF No. 48, PageID.261-62.  As of July 18, 2024,

Jones had 30 days to file an amended complaint that included "a short

and plain statement of the claim showing that the pleader is entitled to

relief" for her remaining claim.  *See* ECF No. 49; Fed. R. Civ. P. 8(a)(2).

However, Jones did not clearly file an amended complaint in any of her various filings subsequent to that order, all the way through September 2024. *See* ECF No. 53 (titled as an objection, alleging various facts about her claims); ECF No. 54 (objecting belatedly to orders dismissing a prior defendant); ECF No. 55 (titled as an objection, alleging facts related to her concerns about the arbitration process); ECF No. 56 (titled as a belated response to a motion to dismiss a prior defendant in this case); ECF No. 57 (titled as a belated response objecting to dismissal of the same prior defendant); ECF No. 58 (objecting to the dismissal); ECF No. 59 (responding to the USPS Defendants' Motion). Nor was an amended complaint attached to any of Jones' filings made in response to the two motions to dismiss at issue on this report and recommendation. *See* ECF Nos. 64, 65, 66. Then, on October 9, 2024, Jones filed a document titled "Requesting Discrimination on All Parties, Charges of Wrongful Termination (USPS), Charges of Failure to Properly Represent (APWU)."

Seeking (as the federal courts must) to construe Jones' filings liberally and with careful attention to Jones' *pro se* status, the Magistrate Judge looked through her filings and found sufficient

13

allegations to state a claim for age discrimination and survive

Defendants' Motion to Dismiss.  The USPS Defendants object to this

construal of Jones' filings and cite the practical difficulties of

attempting to respond to multiple filings, none of which is clearly

labelled as Jones' new pleading.  *See* ECF No. 72, PageID.439.  But as

the USPS Defendants have objected, all of the allegations that the

Magistrate Judge relied upon to hold that Jones stated a viable claim

for age discrimination came from the October 9 filing.  *See* ECF No. 70,

PageID.421 (citing ECF No. 68).  Thus the disadvantages posed by an

approach of combining different filings are not properly at issue in this

case; the only issue for this court is whether Jones' filing at ECF No. 68

can (or should) be construed as an amended complaint that gives "the

defendant fair notice of what the . . . claim is and the grounds upon

which it rests."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007).  It is not.  Jones' filing at ECF No. 68 – her only filing which

comes anywhere near an amended complaint (although not titled as one

and nowhere declares itself to be an amended complaint) – does not

meet the mark because it was filed almost two months after it was due,

after the USPS Defendants' motion to dismiss had been fully briefed,

14

and further, it is not at all clear that Jones herself understands this to be her complaint for age discrimination.

Federal Rule of Civil Procedure 41(b) provides for dismissal when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (noting that a district court may order dismissal under Rule 41(b) sua sponte). When considering dismissal under this rule for failure to comply with the rules or court order, courts should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999); *see Blount v. Univ. of Cal. Berkeley Police Dep't*, No. 23-6012, 2024 U.S. App. LEXIS 10516, at *4 (6th Cir. Apr. 30, 2024) (applying the standard to failure to comply).

The court is mindful of the need to construe *pro se* litigants' complaints liberally in the interest of justice. *See McCallum v. Gilless*, 38 F. App'x 213, 216 (6th Cir. 2002). However, both the Magistrate

Judge's recommendation (ECF No. 48) and this court's order adopting

the Magistrate Judge's report and recommendation (ECF No. 49) were

clear.  The recommendation put Jones on notice that she needed to file

an amended complaint or face dismissal under Rule 8 or 12(b)(6); this

court adopted that recommendation and stated that "Plaintiff ha[d] 30

days from the filing of this Order to file an amended complaint to cure

any deficiencies as to her employment discrimination claim."  The only

filing that was at all responsive to that order was filed almost 90 days

later.  Jones has proven herself able to communicate with the court and

file documents as needed, and she was capable of doing so within a 30-

day timeframe.  Meanwhile, Defendants continue to defend this action

and, nearly five months after this court's order and almost two years

since the original complaint, do not yet have a 'short and plain' claim for

age discrimination before them to file a responsive pleading to.  While

the dismissal of an action for failure to comply "is a harsh sanction

which the court should order only in extreme situations showing a clear

record of contumacious conduct by the plaintiff," *Wu v. T.W. Wang, Inc.*,

420 F.3d 641, 643 (6th Cir. 2005) (quoting citation omitted), "the

sanction of dismissal without prejudice is a comparatively lenient

sanction" that is reviewed under a more "relaxed" standard.  *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004).

Were that the end of it, this court would have little difficulty dismissing this case without prejudice.  However, the court is mindful of plaintiff's *pro se* status, and this court's preference for resolving cases on the merits unless a litigant has engaged in a clear pattern of delay. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *McCallum v. Gilless*, 38 F. App'x 213, 216 (6th Cir. 2002) ("District courts have a responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim."); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("Indeed, "it is incumbent upon the district court to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than order their dismissal on technical grounds.").  The Magistrate Judge pointed out evidence in the record that suggests that plaintiff might be able to state a claim.  *See* ECF No. 70, PageID.422.

More importantly, the court also takes notice that in the specific posture of this case, even dismissal without prejudice is likely

indistinguishable from a dismissal with prejudice because the complaint was filed almost two years ago and the statute of limitations has likely expired.  *See Loffredo v. Daimler AG*, 666 F. App'x 370, 377 (6th Cir. 2016*) (holding that a federal claim for age discrimination in Michigan "shall be filed . . . within 300 days after the alleged unlawful practice occurred");[5] *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987) (dismissing refiled complaint because "a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending."); *see also McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 556 (5th Cir. 1981) ("Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.").

---

[5] That Jones apparently never took her charges to the EEOC or obtained a right-to-sue letter is not a bar to her potential employment discrimination claims. Administrative exhaustion and receipt of a right-to-sue letter prior to the filing of a ADEA action are not jurisdictional prerequisite[s], but rather a precondition subject to equitable tolling, waiver, and estoppel.  *See Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th Cir. 1998).

Given that there may be effectively no difference between dismissal with or without prejudice for Jones and considering the harshness of that sanction, the court is yet not firmly convinced that this case presents the "extreme" circumstances and "clear record of contumacious conduct" which justify dismissal. And yet, neither can this case proceed on the filings as they exist. As explained, Jones' October 9 filing cannot be properly construed as an amended complaint because it is not clear that plaintiff understands the document to act as her pleading, because it does not state a valid claim for relief, and because it did not meet this court's deadline. Her prior complaint falls short as a matter of law. Without a proper amended complaint, further proceedings are pointless.

Therefore, plaintiff will have one final chance to amend her complaint, but she must "comply with the basic rules of court." *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (collecting cases where courts have required pro se litigants to adhere to

19

basic pleading requirements).  Federal Rule of Civil Procedure

8(a) states that a pleading must contain:

> (1) a short and plain statement of the claim
>     showing that the pleader is entitled to relief;
>     and
>
> (2) a demand for the relief sought, which may
>     include relief in the alternative or different
>     types of relief.

The court **ORDERS** that plaintiff must file an amended complaint

within 35 days, calculated by the date of entry of this order, or the case

will be dismissed.

It is **FURTHER ORDERED** that the plaintiff's amended

complaint must meet the following requirements, consistent with Rule

7, Rule 8, Rule 10, and Local Rule 15.1, and that the failure to follow

any one of these requirements may result in dismissal of the case:

1) Plaintiff must title the document "Amended Complaint" so that it
   is clear to the court and to the parties exactly what document she
   intends to rely on as her pleading moving forward.  *See* Fed. R.
   Civ. P. 7(a), 10(a).  If the plaintiff files multiple documents titled
   "Amended Complaint," only the first received will be considered
   and assessed for compliance with this order; further filings
   intended as an amended complaint will not be considered by the
   court.

2) Plaintiff must state the parties she is suing. *See* Fed. R. Civ. P.
   10(a).  Plaintiff is reminded that, upon entry of this order, the only

Defendants remaining are the USPS Defendants listed above, and only in their official capacities as employees of the USPS.

3) Plaintiff must state the facts related to alleged employment discrimination based on her age.  Plaintiff is reminded that this court has dismissed all other claims against the USPS Defendants, and as of entry of this order, this court has also dismissed all claims against the APWU Defendants.  Plaintiff must make all of her factual allegations in one document, not spread out across multiple filings.  Any statements of fact in separate filings will be disregarded for purposes of determining compliance with this order and Rules 8 and 10.  In this, the court also seeks compliance with Local Rule 15.1, which states that "[a]ny amendment to a pleading . . . must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

4) Plaintiff must use numbered paragraphs to facilitate a clear presentation of the facts.  Rule 10(b) mandates that claims must be made in numbered paragraphs, the contents of each are to be limited to a statement of a single set of circumstances, and claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation. *See* Fed. R. Civ. P. 10(b).

5) Plaintiff must make a clear request of what relief she seeks from this court.  *See* Fed. R. Civ. P. 8(a)(2).  Plaintiff is reminded that the only remaining relief that she may be entitled to in this case is reinstatement.  ECF No. 48, PageID.259 (Report and Recommendation dated June 25, 2024, page 9, accepted and adopted by ECF No. 49).

6) The court must <u>receive</u> plaintiff's Amended Complaint <u>no later</u> than 35 calendar days from entry of this order.  Because this order has been entered on December 17, 2024, the date this court expects to receive plaintiff's Amended Complaint is on or before January 21, 2025.  Because plaintiff's compliance with deadlines has been at issue and has prejudiced the Defendants, this

21

requirement will be strictly enforced, regardless of what date a filing is postmarked (if mailed).

It is **FURTHER ORDERED** and advised that Plaintiff's failure to comply with the terms of this court order may result in dismissal of the case under Rules 8, 12, and 41(b) of the Federal Rules of Civil Procedure. All requirements in the paragraphs above will be enforced. No further opportunities to amend will be given. If no filing meeting these requirements is received within this deadline, regardless of what date a filing is postmarked, the court will then rule on the USPS Defendants' Motion to Dismiss on the briefings, which may result in dismissal of this case under Rule 12(b)(6). No filing that is intended to respond or appears to be responsive to this order that is received after the deadline will be accepted as a valid complaint, even if that filing would otherwise satisfy the other requirements set forth in this order.

The court further **VACATES** the referral of pretrial matters to the Magistrate Judge in order to expedite any orders or proceedings that may immediately follow this order. If a response meeting the requirements of this order is received, the court may prepare a new order again referring pretrial matters to the Magistrate Judge.

## V.    CONCLUSION

In summary: the court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 70) as to the APWU Defendants, **GRANTS** the APWU Defendants' Motion (ECF No. 50), and **DISMISSES** Jones' claims against them with prejudice.  The USPS Defendants' third Objection (ECF No. 72) to the report and recommendation (ECF No. 70) as to their motion is **SUSTAINED**, the court **ADOPTS** in part and **REJECTS** in part the Report and Recommendation as to the USPS Defendants' motion, and their Motion to Dismiss (ECF No. 60) is held in abeyance pending plaintiff's resolution of this order.  Jones' pleadings as to her remaining claim are insufficient and improperly made as a matter of law, but Jones shall have one final opportunity to file an amended complaint pursuant to the terms of the court's order above.

**SO ORDERED**.

Date: December 17, 2024          s/F. Kay Behm
                                 F. Kay Behm
                                 United States District Judge