UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANESSA ANN JONES,

    Plaintiff,

v.

U.S. POSTAL SERVICE, *et al.*,

    Defendant.

_____/

Case No. 23-10158

Hon. F. Kay Behm
United States District Judge

Hon. David R. Grand
U.S. Magistrate Judge

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
(ECF No. 77)**

**I.    INTRODUCTION**

Plaintiff Vanessa Ann Jones ("Jones"), a veteran employee of the United States Postal Service ("USPS") for nearly 30 years and *pro se* litigant, alleges that she was terminated for improperly processing a money order in the amount of $155.35. (ECF No. 1). Following her termination, Jones pursued a grievance through an internal arbitration procedure, at which she was represented by members of her union. She then sued the arbitrator and her union (now dismissed from this action, *see, e.g.*, ECF No. 73) as well as the U.S. Postal Service, Ronnie Blackshear, Mariyam Kareem, Ronald Morris, and Chynita Evans (the "USPS Defendants") for the events surrounding her termination.

1

Currently before the court is the USPS Defendants' third motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 77). For the reasons stated below, the court **GRANTS** Defendants' motion and closes the case.

## II. PROCEDURAL HISTORY & ANALYSIS

The USPS Defendants previously filed their first Motion to Dismiss Jones' claims against them (ECF No. 24) on the basis of Jones' initial complaint (ECF No. 1). The Magistrate Judge recommended, and this court agreed, that to the extent Jones had pleaded any claim against the USPS, all of Jones' claims except Jones' potential employment discrimination claim should be dismissed as a matter of law. ECF No. 48, PageID.262; ECF No. 49 (dismissing all but one of Plaintiff's claims against the USPS Defendants). Her potential employment discrimination claim was allowed to continue, however, on a conditional basis only. This court found that Jones' initial complaint failed to sufficiently plead an employment discrimination claim against the USPS on the basis of age.[1] *See* ECF No. 48, PageID.260.

---

[1] The court has assumed that her claim essentially arises under the Age Discrimination in Employment Act (ADEA).

2

Specifically, in a very brief and unsubstantial allegation she alleged that the USPS engaged in all of this conduct because it wanted her "out" due to her age. ECF No. 1, PageID.6. Accordingly, on July 18, 2024, this court gave Jones an opportunity to file an amended complaint to adequately plead an age discrimination claim within 30 days. (ECF No. 49). Jones did not file an amended complaint in that timeframe, and Defendants meanwhile filed a renewed Motion to Dismiss (ECF No. 60).

However, Magistrate Judge Grand issued a Report and Recommendation on November 26, 2024 on the Defendants' Renewed Motion to Dismiss (ECF No. 70), and recommended denying Defendants' motion based on a late filing made by Jones in October 2024 (ECF No. 68), because in that filing Jones included additional allegations that the Magistrate Judge assessed as meeting her burden under Rule 12, if construed as an amended complaint for age discrimination. After objections by the USPS Defendants, this court disagreed that Jones' late filing (neither titled as an amended complaint nor meeting the requirements of Rule 8) should be construed, even liberally, as an amended complaint. ECF No. 73, PageID.459-460.

3

However, the court was concerned that Jones' conduct did not yet justify dismissal under Rule 41 and recognized the Magistrate Judge's findings as to the potential merit of her allegations.  *See* ECF No. 73, PageID.461.  This court therefore adopted in part and rejected in part that portion of the report and recommendation and held the USPS Defendants' motion in abeyance to give plaintiff one last chance to make a proper amended complaint under certain conditions.  ECF No. 73, PageID.465-67.

Pursuant to this court's order, Jones filed a proper amended complaint on January 17, 2025 (ECF No. 75).  Thus the court denied Defendants' second motion to dismiss (ECF No. 60) without prejudice, and this motion to dismiss based on the amended complaint follows.

### III.  STANDARD OF REVIEW

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "construe the complaint in the light most favorable to the [nonmoving party] . . . [and] accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003).  The complaint must provide "'a short and

4

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Moreover, the complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  A claim has "facial plausibility" when the nonmoving party pleads facts that "allow[] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id*. at 678.  The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527.

In evaluating the allegations in the complaint, the court must be mindful of its limited task when presented with a motion to dismiss under Rule 12(b)(6).  At the motion to dismiss stage, the court does not consider whether the factual allegations are probably true; instead the court must accept the factual allegations as true, even when skeptical. *See Twombly*, 550 U.S. at 555 (a court must proceed "on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)"); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"). Indeed, in assessing the sufficiency of a complaint, the court must determine only whether "'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged." *See United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 574 (M.D. Tenn. 2021) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

In reviewing complaints from pro se litigants, district courts must liberally construe their pleadings. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). However, "[t]he leniency granted to pro se [plaintiffs] ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "The complaint still must plead facts sufficient to show a redressable legal wrong has been committed." *Beebe v. Birkett*, 749 F. Supp. 2d 580, 587 (E.D. Mich. 2010) (citing Fed. R. Civ. P. 12(b)); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). District courts may still grant a Rule 12(b)(6) motion to dismiss if a pro se complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to

'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride*, Inc., 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the four corners of the pleading at issue. Fed. R. Civ. P 12(d); *see also Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1139 (W.D. Mich. 2019) (citing *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011)) (noting that "[i]n general, in deciding a Rule 12(b)(6) motion to dismiss the court is limited to considering only the pleadings"). Nonetheless, it is well established that, in some circumstances, a court may consider matters beyond the pleadings without converting the motion to one for summary judgment under Rule 56. Examples include "any exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

IV. ANALYSIS

7

In their new motion, the USPS Defendants argue first that Jones' employment discrimination claim should be dismissed as time-barred, because Jones failed to file her lawsuit within 90 days of receiving a notice of final action by the EEOC and her appeal to the Office of Federal Operations. See ECF No. 77, PageID.520. This court earlier questioned whether that would be an appropriate defense and if the defense had been waived by failure to raise it. See ECF No. 73, PageID.463 n.5 ("Administrative exhaustion and receipt of a right-to-sue letter prior to the filing of a ADEA action are not jurisdictional prerequisite[s], but rather a precondition subject to equitable tolling, waiver, and estoppel.") (citing *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th Cir. 1998)); *see also Truitt v. Cty. of Wayne*, 148 F.3d 644, 646-47 (6th Cir. 1998) ("the ninety-day filing requirement of 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, . . . "). However, Jones does not respond to this argument.[2] In the court's opinion, since this is essentially the first time

---

[2] Jones filed a "Response" to this third motion to dismiss, ECF No. 78, but that document contains no substantive argument whatsoever.

Jones has clearly pled an age discrimination claim, no defense could have been properly waived before this point, and the court considers this argument on its merits. Although Jones' notice of her right to sue within 90 days is provided as an exhibit to Defendant's motion, ECF No. 77-7, PageID.548, Jones refers to her EEOC complaint in her complaint (ECF No. 75, PageID.472), and the court can properly consider the official records of that proceeding at this stage without converting the motion to one on summary judgment. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Seiden v. Potter*, No. 03-CV-73126-DT, 2004 WL 3741932, at *2 (E.D. Mich. Mar. 30, 2004), *aff'd*, 169 F. App'x 446 (6th Cir. 2006) ("Courts may . . . consider public records, matters of which a court takes judicial notice, and letter decisions of governmental agencies as part of a Rule 12(b)(6) motion to dismiss without converting the motion to one for summary judgment.").

An action brought pursuant to the ADEA must be filed within ninety days of the EEOC issuing a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1) ("within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . ."); 29 U.S.C. § 626(e). Any action not commenced within ninety days of

9

receiving a right-to-sue notice is time barred. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (discussing the 90-day time limit and stating that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts . . . "). Federal courts strictly enforce the ninety-day statutory limit. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). This is true even when a plaintiff proceeds *pro se. See, e.g.*, *Hudson v. Genesee Intermediate Sch. Dist.*, No. 13-12050, 2013 U.S. Dist. LEXIS 168202, at *5 (E.D. Mich. Oct. 22, 2013), at *5 (collecting cases), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 167399 (E.D. Mich. Nov. 25, 2013), *aff'd* 2014 U.S. App. LEXIS 24711, at *4 (6th Cir. June 10, 2014).

Jones filed a formal EEO complaint against the Postal Service in September 2020, alleging discrimination based on her age and religion. ECF No. 77-2, PageID.529-30. In February 2021, an Administrative Judge (AJ) with the EEOC proposed the entry of summary judgement in favor of the Postal Service pursuant to 29 C.F.R. § 1614.109(g)(3) with regard to Jones' age and religious discrimination claims. ECF No. 77-3, PageID.531-36. The next month, the AJ entered summary

10

judgment. ECF No. 77-4, PageID.537-40. The Postal Service subsequently implemented the AJ's decision as its final action. ECF No. 77-5, PageID.541-42. Jones then opted to appeal to the EEOC's Office of Federal Operations (OFO). ECF No. 77-6, PageID.543. On June 8, 2021, the OFO affirmed the final order implementing the EEOC AJ's decision. ECF No. 77-7, PageID.544-47. At the end of the decision, the OFO informed Jones of her "right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision." *Id.* at 547.

That decision was mailed to Jones on June 8, 2021, and constructive receipt occurred five days later on June 13, 2021. ECF No. 77-7, PageID.550; *see Graham-Humphreys*, 209 F.3d at 557 & n.9 (courts apply a rebuttable presumption that plaintiff received the letter within five days of mailing). This action was filed on January 20, 2023, more than 16 months later, and is time-barred. Jones makes no effort to explain the delay, or why equitable tolling, waiver, or estoppel should apply. The court has already explained why finding waiver would be unfair to Defendants when this court repeatedly found that Jones had not adequately pleaded an age discrimination claim (thus faulting

11

Defendants for failing to bring a particular defense to the table would be somewhat odd). Meanwhile, equitable tolling is available "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 560-61. Jones makes no response to Defendants' argument why equitable tolling should not apply, *see* ECF No. 78, PageID.551, and the court is left to conclude both that Jones was on notice of the filing deadline, and that the approximately 16 month delay before bringing this case did not arise from circumstances beyond her control.

Therefore, this action was brought more than 90 days after the statutory deadline, is time-barred, and must be dismissed. The court thus does not reach the merits of her claim.

## V.   OBJECTION TO DISMISSAL OF APWU DEFENDANTS

Finally, Jones also filed an "objection" to dismissal of the APWU Defendants, who were dismissed in the court's order at ECF No. 73 when Jones failed to timely object to the Magistrate Judge's report and recommendation (ECF No. 70). The R&R was filed on November 26, 2024, and her objections were due December 10, 2024; the court's order

12

was entered December 17, 2024, after having received no objections, and Jones' objections were filed on February 25, 2025. Her late-filed objections are untimely and are **OVERRULED** on that basis.

## VI. CONCLUSION

For the reasons stated above, the motion to dismiss is **GRANTED** and this case is dismissed for failure to state a claim. All remaining defendants are dismissed from this case. Her untimely objections are **OVERRULED**.

This is a final order that closes the case. A separate order of judgment will follow.

**SO ORDERED**.

Date: June 27, 2025                     s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge